UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
MARY ELLEN TOOHEY, individually and :
on behalf of all others similarly situated, :
:
                    Plaintiff, :
:
      -against- : No. 15 Civ. 8098 (GBD)
:
PORTFOLIO RECOVERY ASSOCIATES, : ORAL ARGUMENT REQUESTED
LLC, PRA GROUP, INC., MALEN & :
ASSOCIATES, P.C., :
:
                    Defendants. :
:
------------------------------------------------------------x

**PORTFOLIO RECOVERY ASSOCIATES, LLC AND PRA GROUP, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

GIBSON, DUNN & CRUTCHER LLP
RANDY M. MASTRO
GEORGIA K. WINSTON
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for PRA Group, Inc. and
Portfolio Recovery Associates, LLC*

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| A. | PRELIMINARY STATEMENT | 1 |
| B. | *ROOKER-FELDMAN* AND *RES JUDICATA* BAR THIS SUIT | 2 |
| C. | PLAINTIFF HAS NOT SHOWN STANDING ON ALL RELIEF SOUGHT | 3 |
| D. | THE FDCPA CLAIM IS UNTIMELY | 3 |
| E. | THE FDCPA CLAIM IS MERITLESS BECAUSE THE STEPHEN AFFIDAVIT CONTAINED NO MISREPRESENTATION | 4 |
| F. | THE RICO CLAIM IS MERITLESS | 7 |
| G. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................. 2

*In re Bear Stearns Mortgage Pass-Through Certificates Litig.*,
    851 F. Supp. 2d 746 (S.D.N.Y. 2012) ....................................................................................... 4

*Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*,
    480 F.3d 470 (7th Cir. 2007) .................................................................................................... 3

*Carousel Foods of Amer., Inc. v. Abrams & Co., Inc.*,
    423 F. Supp. 2d 119 (S.D.N.Y. 2006) ....................................................................................... 9

*CFPB v. Frederick J. Hanna & Assocs., P.C.*,
    No. 1:14-cv-2211, 2015 WL 4282252 (N.D. Ga. Jul. 14, 2015) ............................................... 7

*Clark v. Main St. Acquisition Corp.*,
    553 F. App'x 510 (6th Cir. 2014) .............................................................................................. 7

*Clomon v. Jackson*,
    988 F.2d 1314 (2d Cir. 1993) .................................................................................................... 6

*Coble v. Cohen & Slamowitz, LLP*,
    824 F. Supp. 2d 568 (S.D.N.Y. 2011) ....................................................................................... 7

*Collins Fin. Servs. v Vigilante*,
    30 Misc.3d 908 (Civ. Ct. N.Y.C., Richmond Cty. 2011) ......................................................... 5

*Conklin v. Maidenbaum*,
    No. 12 Civ. 3606, 2013 WL 4083279 (S.D.N.Y. Aug. 13, 2013) ............................................. 3

*Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*,
    758 F. Supp. 2d 153 (E.D.N.Y. 2010) ....................................................................................... 9

*Daddona v. Gaudio*,
    156 F. Supp. 2d 153 (D. Conn. 2000) ....................................................................................... 9

*Delgado v. Ocwen Loan Servicing*,
    No. 13 Civ. 4427 (NGG), 2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014) ................................ 8

*Eades v. Kennedy, PC Law Offices*,
    799 F.3d 161 (2d Cir. 2015) ...................................................................................................... 5

*In re Enters. Mortg. Acceptance Co.*,
    391 F.3d 401 (2d Cir. 2004) ...................................................................................................... 6

*In re Fannie Mae 2008 Sec. Litig.*,
   891 F. Supp. 2d 458 (S.D.N.Y. 2012) ................................................................................4

*Fiesel v. Bd. of Educ. of City of New York*,
   675 F.2d 522 (2d Cir. 1982) ................................................................................................4

*Figueroa v. Merscorp, Inc.*,
   766 F. Supp. 2d 1305 (S.D. Fla. 2011) *aff'd* 477 F. App'x 558 (11th Cir. 2012) ................2

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
   385 F.3d 159 (2d Cir. 2004) ................................................................................................8

*Gabriele v. American Home Mortgage Servicing, Inc.*,
   503 F. App'x 89 (2d Cir. 2012) ............................................................................................2

*Smallwood ex rel. Hills v. Lupoli*,
   No. 04 Civ. 0686 (JFB), 2007 WL 2713841 (E.D.N.Y. Sept. 14, 2007), *aff'd
   sub nom. Smallwood v. Lupoli*, No. 07 Civ. 4445, 2009 WL 579419 (2d Cir.
   Mar. 4, 2009) .......................................................................................................................9

*Knoll v. Schectman*,
   275 F. App'x 50 (2d Cir. 2008) ............................................................................................8

*Mayfield v. Asta Funding, Inc.*,
   95 F. Supp. 3d 685 (S.D.N.Y. 2015) ...................................................................................7

*Menominee Indian Tribe of Wis. v. United States*,
   557 U.S. __, 2016 WL 280759 (Jan. 25, 2016) ..................................................................4

*In re Merrill Lynch Ltd. P'ships Litig.*,
   7 F. Supp. 2d 256 (S.D.N.Y.1997), *aff'd*, 154 F.3d 56 (2d Cir. 1998) ................................3

*Midland Funding LLC v. Valentin*,
   40 Misc.3d 266 (Dist. Ct. Nassau Cty. 2013) .....................................................................5

*Mills v. Polar Molecular Corp.*,
   12 F.3d 1170 (2d Cir. 1993) ..............................................................................................10

*Naples v. Stefanelli*,
   No. 12 Civ. 4460 (JS), 2015 WL 541489 (E.D.N.Y. Feb. 7, 2015) .....................................8

*Oliver v. U.S. Bancorp*,
   No. 14 Civ. 8948, 2015 WL 4111908 (PKC), (S.D.N.Y. July 8, 2015) ...............................4

*Palisades Collection, LLC v. Kedik*,
   67 A.D.3d 1329 (4th Dep't 2009) .......................................................................................5

*In re Platinum & Palladium Commodities Litig.*,
    828 F. Supp. 2d 588 (S.D.N.Y. 2011)...................................................................................4

*PRA III, LLC v. Gonzalez*,
    54 A.D.3d 917 (2d Dep't 2008).............................................................................................5

*Rotella v. Wood*,
    528 U.S. 549 (2000)...............................................................................................................3

*Schlaifer Nance & Co. v. Estate of Warhol*,
    119 F.3d 91 (2d Cir. 1997).....................................................................................................8

*SEC v. Lee*,
    720 F. Supp. 2d 305 (S.D.N.Y. 2010)...................................................................................4

*Sierra v. Foster & Garbus*,
    48 F. Supp. 2d 393 (S.D.N.Y. 1999).....................................................................................4

*Slorp v. Lerner, Sampson & Rothfuss*,
    587 F. App'x 249 (6th Cir. 2014)..........................................................................................3

*Sykes v. Mel Harris & Assocs., LLC*,
    780 F.3d 70 (2d Cir. 2015) ("*Sykes III*") ........................................................................2, 5, 6

*Sykes v. Mel Harris & Assocs., LLC*,
    757 F. Supp. 2d 413 (S.D.N.Y. 2010) ("*Sykes I*") ...............................................................7

*Tymoshenko v. Firtash*,
    57 F. Supp. 3d 311 (S.D.N.Y. 2014)..................................................................................10

*United States v. Eisen*,
    974 F.2d 246 (2d Cir. 1992)...................................................................................................9

*Velocity Invs., LLC v. McCaffrey*,
    31 Misc. 3d 308 (Dist. Ct. Nassau Cty. 2011) .....................................................................7

**Statutes**

15 U.S.C § 1692..............................................................................................................2, 4, 5, 6, 7

18 U.S.C. § 1962......................................................................................................................3, 7, 8, 9

18 U.S.C. § 1964(c) ..........................................................................................................................8

**Rules**

Fed. R. Civ. P. 8...............................................................................................................................7

Fed. R. Civ. P. 9(b) ..................................................................................................................7, 8, 10

Fed. R. Civ. P. 41(a)(1)(A)(i) .................................................................................................1

N.Y. C.P.L.R. 3215 ....................................................................................................................5

N.Y. C.P.L.R. 5015 ....................................................................................................................3

**Regulations**

22 N.Y.C.R.R. § 202.27-a(g) .....................................................................................................5

**Other Authorities**

Administrative Order of Hon. A. Gail Prudenti, "New rules and affidavits for
 default judgment applications in consumer credit matters" (Sept. 15, 2014) ...........................5

A.  PRELIMINARY STATEMENT

Plaintiff's Opposition is unavailing because it speaks mostly to a putative class that may never be certified but says little about the fatal deficiencies in her own claim, which is all that is at issue on this motion to dismiss. Her torrent of rhetoric cannot obscure the fact that she no longer has any viable claim and cannot use the procedural device of trying to front a putative class to end-run the default judgment previously entered against her in state court. Indeed, nowhere—not in her Complaint and not in her Opposition to this dispositive motion—does she ever deny owing the debt underlying the default judgment entered against her. In other words, her liability has already been established for all time in that long-concluded state court action, she cannot attempt to reopen and relitigate that issue here, and therefore, she has no viable claim on her own behalf, meaning she cannot continue to litigate, individually or on behalf of a putative class she cannot represent. Although Plaintiff styles herself a would-be "class representative," her individual claim must rise or fall on its own merit, and her Complaint simply fails to plead that Plaintiff herself was injured by any wrongful litigation conduct. It is beside the point that PRA[1] settled disputes with a federal regulator—without making any admissions whatsoever. PRA's settlement with the federal government did not alter in any way this Plaintiff's liability established by default judgment in the earlier state court proceeding. That should end the inquiry.

Moreover, this Plaintiff ignores key deficiencies in her Complaint while purporting to rely on case law factually distinguishable from the facts alleged here. Indeed, she has not alleged

---

[1] "PRA" refers to Portfolio Recovery Associates, LLC and PRA Group, Inc. On December 15, 2015, Plaintiff submitted for filing a notice voluntarily dismissing without prejudice her claims against PRA Group, Inc., the parent company of PRA. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). "Mem." refers to PRA's memorandum in support of its motion to dismiss (ECF No. 21). "Opp." refers to Plaintiff's corrected memorandum in opposition (ECF No. 34). "Stephen Affidavit" refers to the affidavit described in Paragraph 52 of the Complaint.

1

that PRA caused Plaintiff to pay money in the wrong amount or to the wrong person; she has not alleged that PRA was wrong to bring the state court action; and she has not even contested she owed the debt at issue there. The essence of her allegations here is that the affidavit supporting entry of a default judgment against her that was filed in state court in February 2013 was misleading because it omitted "account-level documentation," even though the affidavit did not purport to provide such documentation, then-existing procedural law did not require PRA to do so, and there was no uncertainty or confusion ever alleged over the total amount owed. This Plaintiff therefore has failed to state any viable personal claim for relief, so her Complaint must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009).

## B.   *ROOKER-FELDMAN* AND *RES JUDICATA* BAR THIS SUIT

*Rooker-Feldman* prohibits collateral attacks on a state court judgment. Yet Plaintiff acknowledges that her Complaint is a "collateral attack" (Opp. 39) on the Monroe County judgment. Plaintiff relies on *Gabriele v. Am. Home Mortgage Servicing, Inc.*, 503 F. App'x 89 (2d Cir. 2012), to argue that *Rooker-Feldman* should not apply. (Opp. 38-39.) Unlike here, however, the plaintiff in *Gabriele* did *not* seek to overturn the adverse state court foreclosure judgment, but rather alleged that the debt collector's baseless motion practice "forc[ed]" him "to 'expend unnecessary resources'" on the case, an injury separate from the merits of the foreclosure action. *Id.* at 95.[2]

*Gabriele* likewise does not salvage Plaintiff's claims from the *res judicata* effect of the Monroe County default judgment. Plaintiff had the opportunity to challenge the Stephen

---

[2] *Sykes v. Mel Harris & Assocs., LLC,* 780 F.3d 70 (2d Cir. 2015) ("*Sykes III*"), is equally inapplicable here. The *Sykes III* plaintiffs obtained vacatur of their adverse state-court judgments before bringing their federal suit, and they distinguished their federal claims for prospective relief from challenges to those vacated judgments. Here, Plaintiff did not obtain vacatur of the Monroe County judgment, and the federal relief now demanded would "fundamentally undermine[] the state-court judgment." *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1325 (S.D. Fla. 2011) (similarly distinguishing *Sykes* and applying *Rooker-Feldman*), *aff'd*, 477 F. App'x 558 (11th Cir. 2012).

2

Affidavit, to appeal, to seek relief from judgment under Section 5015(a) of the New York Civil Practice Law and Rules ("CPLR"), or all of the above. Since she chose not to do any of those, *res judicata* bars her claim. (*See* Mem. 7-8.)

## C. PLAINTIFF HAS NOT SHOWN STANDING ON ALL RELIEF SOUGHT

Plaintiff fails to show that she has Article III standing to seek actual damages or an injunction. *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 254 (6th Cir. 2014) is inapposite. Unlike the debtor there, Plaintiff nowhere alleges that she "incurred damages" defending legal claims PRA had "no right to file." The Complaint lacks any allegation that the Monroe County action was baseless or that PRA "set out to trick [Plaintiff] into paying money she does not owe, or to mislead her into paying the wrong person." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007). Plaintiff never denies that she owed PRA every cent it recovered from her; instead, she protests that "the record remains bare of any evidence" of her debt—an evasion that fails to confirm any actual loss. (Opp. 41.)

## D. THE FDCPA CLAIM IS UNTIMELY

Plaintiff neither commenced this action within the statutory one-year limitations period nor qualifies for equitable tolling. Although she contends (Opp. 6) that the alleged material misrepresentation lay in the absence of "account-level documentation" with the affidavit, she does not explain why she was not on notice of the absence of such documentation at the time the affidavit was filed. Ordinary diligence—simply reading the filing—would have revealed this purported defect. "[D]iscovery of th[is] injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000) (civil RICO limitations period runs from when plaintiff discovers or should have discovered injury, not pattern of racketeering activity); *see also Conklin v. Maidenbaum*, No. 12 Civ. 3606, 2013 WL 4083279, at *7 (S.D.N.Y. Aug. 13, 2013); *In re Merrill Lynch Ltd. P'ships Litig.*, 7 F. Supp. 2d 256, 265-75

3

(S.D.N.Y.1997), *aff'd*, 154 F.3d 56 (2d Cir. 1998). As such, her FDCPA claim is not timely under either the discovery rule or equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 557 U.S. __, 2016 WL 280759, at *4-5 (Jan. 25, 2016) (equitable tolling did not apply to presentment of federal statutory claims absent "extraordinary circumstances").[3]

E. **THE FDCPA CLAIM IS MERITLESS BECAUSE THE STEPHEN AFFIDAVIT CONTAINED NO MISREPRESENTATION**

Plaintiff's Opposition confirms that she has failed, for many reasons, to plead an FDCPA claim based on any purported misrepresentation in the Stephen Affidavit.

First, Second Circuit precedent holds that Plaintiff cannot state a claim based solely on the allegations of the Consent Order. (Mem. 11.) Plaintiff relies on inapposite cases in which complaints survived dismissal because their allegations were grounded in other documentation, independent of agency consent orders. *See, e.g.*, *SEC v. Lee*, 720 F. Supp. 2d 305, 340-41 (S.D.N.Y. 2010) (complaint relied on documents, including SEC filings and other communications); *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 471-72 (S.D.N.Y. 2012) (same); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, 851 F. Supp. 2d 746, 768 n. 24 (S.D.N.Y. 2012) ("nothing rides on how much weight the Court gives" allegations in agency consent order). Here, by contrast, Plaintiff offers *no* independent sources for the allegations she copies from the Consent Order "to plead the underlying facts of liability." *See In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 594 (S.D.N.Y. 2011)

---

[3] The one-year clock started when the Stephen Affidavit was filed in February 2013. Contrary to Plaintiff's contention (Opp. 21), the CFPB assertions said *nothing* about the Monroe County action, and the agency's invocation of the FDCPA did not revive Plaintiff's stale claim. *Cf. Fiesel v. Bd. of Educ. of City of New York*, 675 F.2d 522, 524 (2d Cir. 1982) (limitations period is not "suspended" by court decision recognizing existence of legal claim). Also meritless is Plaintiff's contention (Opp. 21-22) that garnishment transactions within the limitations period render the FDPCA claim timely. A "new FDCPA claim only arises if a new misrepresentation is alleged." *Oliver v. U.S. Bancorp*, No. 14 Civ. 8948, 2015 WL 4111908 (PKC), at *2 (S.D.N.Y. July 8, 2015); *see also Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999). The garnishment transactions did not make any material misrepresentations; there is no allegation that these transactions contained any factual representations at all.

(striking allegations "derived wholesale" from unadjudicated agency issuance). Indeed, she depicts the Consent Order as pivotal to her FDCPA claim. (*See* Opp. 21 (hinging discovery of injury on CFPB assertions).)

Second, the Second Circuit has held that the mere allegation that a debt collector "filed and pursued a lawsuit without sufficient evidence *fails to state a claim* that the lawsuit was a false, deceptive, or misleading representation or means to collect a debt . . . or that it constituted the collection of an amount not permitted by law" under the FDCPA. *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 172 (2d Cir. 2015). Yet the Opposition makes clear that Plaintiff's claims rest entirely on flawed allegations of a lawsuit filed without enough evidence. (*See* Opp. 1-3 (premising the claims on a so-called "no evidence judgment scheme").)

Third, even if *Eades* permitted claims to be based merely on a purported lack of evidence (it does not), Plaintiff has nonetheless failed to plead that PRA lacked *any* necessary evidence. No controlling authority required a debt collector in Supreme Court to file "account-level documentation" in February 2013.[4] Plaintiff thus resorts to citing new rules the New York State Court System instituted *19 months after* filing of the Stephen Affidavit and so plainly irrelevant here. *See* 22 N.Y.C.R.R. § 202.27-a(g) (effective Oct. 1, 2014). This *change* to the rules, moreover, clearly illustrates that account-level documentation was not previously required.[5]

---

[4] CPLR Section 3215 furnishes "no specification of the documentation required to support the allegations in the affidavit of facts or to verify how the amount due and owing is calculated" in a default judgment application. *Collins Fin. Servs. v. Vigilante*, 30 Misc.3d 908, 913 (Civ. Ct. N.Y.C., Richmond Cty. 2011). The dicta Plaintiff relies on established no uniform standard but, rather, addressed case-specific deficiencies in proof at the summary judgment and discovery stages. *See Palisades Collection, LLC v. Kedik*, 67 A.D.3d 1329, 1330-31 (4th Dep't 2009); *PRA III, LLC v. Gonzalez*, 54 A.D.3d 917, 917-19 (2d Dep't 2008); *Midland Funding LLC v. Valentin*, 40 Misc.3d 266, 267-68, 270 (Dist. Ct. Nassau Cty. 2013). *Sykes III* is also inapposite, because it merely notes conflicting pronouncements regarding default judgment application requirements and, in any event, it addresses only pronouncements from the New York City Civil Court, not the Monroe County court. 780 F.3d at 96.

[5] These are clearly "new" rules. *See* Administrative Order of Hon. A. Gail Prudenti, "New rules and affidavits for default judgment applications in consumer credit matters" (Sept. 15, 2014), *at* https://www.nycourts.gov/RULES/CCR/AO.shtml. Plaintiff's bid to impose liability based on those new regulations

Plaintiff also fails to identify *any* particular account-level information that PRA lacked and needed to prove Plaintiff's debt. Although she baldly asserts that PRA did not review or possess unspecified materials, her citations to the Complaint expose that assertion as baseless. (*See* Opp. 13 (citing C. ¶¶ 5-6, 33, 40).) The cited paragraphs of the Complaint merely speculate that some unidentified agreements between PRA and unspecified debt sellers state that some account information "might" have gaps (¶ 5); that those agreements "typically" make it expensive to obtain certain information and do not require debt sellers to provide full information for *all* accounts (¶ 33); that PRA could not make a prima facie case *if* it lacked sufficient information (¶ 6); and that PRA's personnel "generally" base their affidavits on unspecified information shown on a computer screen (¶ 40). Wholly absent from the Complaint is *any* allegation about *any* specific documents PRA lacked with respect to Plaintiff's debts.

Fourth, Plaintiff otherwise fails to identify any misrepresentation in the Stephen Affidavit. (Opp. 12-13.) Even assuming the FDCPA applies to state court filings, *cf. Sykes III*, 780 F.3d at 96 (reserving question), the statute is construed to "protect[] debt collectors against liability for unreasonable misinterpretations of" their communications. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). The Stephen Affidavit did not mention account-level documentation: it did not refer to "signed cardholder agreements, account statements, and the like," as Plaintiff suggests (Opp. at 14 n.12.) Nor did Plaintiff plead facts showing that the affidavit's averment it was based on personal knowledge misrepresented anything; Plaintiff did not even plead that the affiant omitted review of any particular document necessary to inform her personal knowledge. Furthermore, "an affiant's statement of 'personal knowledge' regarding a record originally generated by a third party that the attesting party has subsequently reviewed

---

cannot be reconciled with the "longstanding presumption against retroactive application" of law. *In re Enters. Mortg. Acceptance Co.*, 391 F.3d 401, 406 (2d Cir. 2004).

does not violate" the FDCPA because it is immaterial. *Clark v. Main St. Acquisition Corp.*, 553 F. App'x 510, 516 (6th Cir. 2014). "[E]specially in an age of automated, computerized transactions," the "least sophisticated consumer understands that lenders and debt collectors will by necessity have to rely on business records they may not have personally created." *Id.*

Plaintiff's FDCPA claim is wholly distinguishable from the cases on which she relies. (Opp. 3, 10-17.) Both *Sykes* and *Mayfield* concerned debt collectors who engaged in so-called "sewer service" and then sought to collect on accounts the plaintiffs had never opened, then filing false affidavits swearing otherwise (*Sykes*) or abusive interrogatories (*Mayfield*) afterward. *See* Third Am. Compl. ¶¶ 155, 167, 199, in *Sykes,* No. 09 Civ. 8486 (May 16, 2011); *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 418-19, 422 (S.D.N.Y. 2010) ("*Sykes I*"); *Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 691-92, 701 (S.D.N.Y. 2015)*; see also Coble v. Cohen & Slamowitz, LLP*, 824 F. Supp. 2d 568, 569-70 (S.D.N.Y. 2011) (alleging "fraudulently prepared affidavits of service"); *Velocity Invs., LLC v. McCaffrey*, 31 Misc. 3d 308, 317 (Dist. Ct. Nassau Cty. 2011) (same). Here, Plaintiff has not alleged such obviously improper conduct in the Monroe County action. Nor has she alleged any facts showing the falsity of the affidavit at issue. She thus fails to establish a plausible FDCPA claim."[6]

## F. THE RICO CLAIM IS MERITLESS

Plaintiff's arguments in support of her RICO claim fail to cure the fatal shortcomings in her allegations, which do not satisfy Rule 8—let alone the heightened pleading requirements of Rule 9(b). Contrary to Plaintiff's contention (Opp. 30), Rule 9(b) applies because she has

---

[6] Contrary to Plaintiff's contention (Opp. 10), the agency enforcement action in *CFPB v. Frederick J. Hanna & Assocs., P.C.*, No. 1:14-cv-2211, 2015 WL 4282252 (N.D. Ga. Jul. 14, 2015) is inapposite. In *Hanna*, because the agency's claim did not hinge on the falsity of any particular affidavit, it was reasonable to infer that at least some, without identifying which, of the large number of affidavits that lacked verification had falsely attested to personal knowledge. *Id.* at *24. Here, by contrast, Plaintiff's private damages suit hinges on an alleged misrepresentation in the specific affidavit filed in the Monroe County action, and she cannot satisfy Rules 8 or 9(b) without alleging facts showing that the specific affidavit filed in that action was false—which she fails to do.

7

asserted mail, wire, and bank fraud as RICO predicate acts. "[A]ll allegations of fraudulent predicate acts" in RICO claims "are subject to the heightened pleading requirements of [Rule 9(b)]." *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004); *see, e.g.*, *Knoll v. Schectman*, 275 F. App'x 50, 51 (2d Cir. 2008) (affirming dismissal of complaint that failed under Rule 9(b) to allege RICO predicate acts of mail and wire fraud).

First, contrary to Plaintiff's contention (Opp. 32-33) that her "garnished wages" count as "injur[y]" to her "business or property" under 18 U.S.C. § 1964(c), the Complaint contains no facts showing Plaintiff was "lawfully entitled" to the garnishment amount. Given her omission of any allegation that the Monroe County judgment was for an incorrect amount or paid to the wrong person, her assertion now of "lawful[] entitle[ment]" to the garnishment amount and her attempt to brand the Monroe County default judgment as "fraudulently-obtained," are untenable.

Second, Plaintiff has not shown that she has adequately alleged the minimum two predicate acts. Her argument (Opp. 30 n.23) that each mailing or wire communication may qualify as an individual predicate act violates the rule against "artificially fragmenting a singular act into multiple acts simply to invoke RICO." *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). The Complaint describes *one* predicate act—the (purportedly false) Stephen Affidavit. Since all of the acts Plaintiff describes flow from that single act (Opp. 26-30), they are not separate RICO predicate acts. *See id.* at 97-98 (where allegedly fraudulent acts all related to "single contract and single scheme to defraud," they did not constitute pattern of separate acts).[7]

---

[7] Nor has Plaintiff sufficiently pleaded RICO continuity, and the cases on which she relies (Opp. 31), which involved harm to known parties rather than unnamed absentees, are inapplicable here. In *Naples v. Stefanelli*, No. 12 Civ. 4460 (JS), 2015 WL 541489, at *13 (E.D.N.Y. Feb. 7, 2015), the plaintiff permissibly asserted injury based on conduct toward two *known* third parties, who had themselves submitted declarations showing facts describing open-ended continuity. *Delgado v. Ocwen Loan Servicing*, No. 13 Civ. 4427 (NGG), 2014 WL 4773991, at *20

8

Third, Plaintiff's arguments are irreconcilable with the *Noerr-Pennington* rule and with the "long line of cases" holding that ordinary "litigation activities" or even those cognizable as "abuse of process or malicious prosecution" (which is not at issue here) do *not* constitute RICO predicate acts of mail or wire fraud. *See Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 171-74 (E.D.N.Y. 2010); *Daddona v. Gaudio*, 156 F. Supp. 2d 153, 162 (D. Conn. 2000). Plaintiff's reliance (Opp. 27) on *United States v. Eisen*, 974 F.2d 246 (2d Cir. 1992) is misplaced. *Eisen* was a federal criminal prosecution of attorneys who created false evidence and paid witnesses to testify falsely. *Id.* at 251. Here, there is no alleged conduct akin to the impermissible "pursui[t] [of] counterfeit claims" *Eisen* addressed. *Id.*; *see Curtis*, 758 F. Supp. 2d at 175 (distinguishing *Eisen*).

Fourth, Plaintiff's contention (Opp. 23) that a "mountain of authority" supports treating PRA and Malen as an association-in-fact enterprise is wrong. The facts in Plaintiff's cited cases differ materially from Plaintiff's (*see supra* at 7), where no litigation misconduct (such as "sewer service") denied Plaintiff notice of the debt collection action. Moreover, there is substantial case law concluding that an attorney-client relationship does *not* constitute a RICO enterprise. *See* Mem. 17; *Smallwood ex rel. Hills v. Lupoli*, No. 04 Civ. 0686 (JFB), 2007 WL 2713841, at *6 (E.D.N.Y. Sept. 14, 2007), *aff'd sub nom. Smallwood v. Lupoli*, No. 07 Civ. 4445, 2009 WL 579419 (2d Cir. Mar. 4, 2009); *Carousel Foods of Amer., Inc. v. Abrams & Co., Inc.*, 423 F. Supp. 2d 119, 122 (S.D.N.Y. 2006).

---

(E.D.N.Y. Sept. 24, 2014), likewise involved allegations as to four *known* victims. Here, on the other hand, Plaintiff is merely speculating regarding unnamed class members.

Fifth, Plaintiff cannot claim bank fraud as a predicate act. Plaintiff did not even identify the bank that was allegedly defrauded.[8] Indeed, Plaintiff alleged no facts to show how any *bank* was defrauded, claiming only that a Malen attorney "compelled the Monroe County Sheriff's Office to direct Ms. Toohey's employer" to garnish her wages. C. ¶ 81. Her attempt to claim bank fraud as a predicate act must fail. 18 U.S.C. § 1344.[9]

## G.  CONCLUSION

PRA respectfully requests that this Court dismiss the Complaint in its entirety.

Dated: New York, New York
February 3, 2016

GIBSON, DUNN & CRUTCHER LLP

By: *s/ Randy M. Mastro*
Randy M. Mastro
Georgia K. Winston

200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

*Attorneys for PRA Group, Inc. and*
*Portfolio Recovery Associates, LLC*

---

[8] Plaintiff also fails to address her omission of "facts that give rise to a strong inference that the defendant possessed fraudulent intent." *Tymoshenko v. Firtash*, 57 F. Supp. 3d 311, 321 (S.D.N.Y. 2014) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993)). Plaintiff's parroting of the Consent Order to argue that the Stephen Affidavit was "robosigned" and based on "boilerplate language" (C. ¶¶ 39, 47-48) fails to meet that obligation—let alone to do so with the particularity Rule 9(b) demands.

[9] Plaintiff's arguments fail to support the exercise of supplemental jurisdiction over her state law claims. She fails to address two critical elements needed to establish the Section 349 consumer deception claim: she was not materially misled by the Stephen Affidavit and suffered no injury. (Mem. 23-24; Opp. 36-37.)  As to the unjust enrichment claim, Plaintiff fails to identify *any* losses that she incurred as a result of PRA's alleged misconduct. (Opp. 36-37.)