USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 1 2 2017

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARY ELLEN TOOHEY, *individually and on*
*behalf of all others similarly situated,*

                        Plaintiff,

                -v-

PORTFOLIO RECOVERY ASSOCIATES,
LLC; PRA GROUP, INC.; MALEN &
ASSOCIATES, P.C.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

:
:
:      <u>MEMORANDUM DECISION</u>
:          <u>AND ORDER</u>
:
:        15-cv-8098 (GBD)
:
:
:
:
:
:
:
:

GEORGE B. DANIELS, United States District Judge:

On August 22, 2016, this Court granted Portfolio Recovery Associates, LLC ("PRA") and

Malen & Associates, P.C.'s ("Malen") (collectively, "Defendants") motions to dismiss Plaintiff

Mary Ellen Toohey's putative class action claims brought under the Racketeer Influence and

Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, and New York State General Business Law

§ 349, and for unjust enrichment. (Order, (ECF No. 46), at 17-19.) However, this Court denied

Defendants' motions to dismiss Plaintiff's claim alleging violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (*Id.* at 7-17.) Now pending before this Court

are Defendants' motions for reconsideration of that Order. Alternatively, Defendants request

certification to file an interlocutory appeal. (*See* PRA Mot. to Reconsider or Amend the August

22 Order, ("PRA Mot."), ECF Nos. 50-52.[1])

---

[1] Each Defendant has joined the other's motion for reconsideration, and therefore the relief sought and
arguments made by one Defendant are attributed to both.

## I.   BACKGROUND

The relevant facts are set forth more fully in this Court's previous opinion adjudicating Defendants' motions to dismiss.  In short, Plaintiff alleged that after she had defaulted in a state debt-collection lawsuit initiated by Defendants, Defendants submitted an affidavit-of-merit that was allegedly false, deceptive, or misleading because it gave the impression to Plaintiff and a New York state court that Defendants had reviewed account-level documentation evidencing her debt, when, in fact, Defendants did not possess any such documentation, let alone review it.  (*See* Order at 3-5.)   The submission of the allegedly false, deceptive, or misleading affidavit allowed Defendants to obtain a default judgment against Plaintiff, which they then used to garnish Plaintiff's wages in the amount of the debt plus costs and fees.  (*See id.* at 4-6.)  Plaintiff filed the instant lawsuit after she learned of Defendants' alleged misconduct from a "Consent Order" issued by the Consumer Financial Protection Bureau ("CFPB").  (*Id.* at 3, 11.)

## II.   STANDARD OF REVIEW

There are three circumstances which warrant granting a motion for reconsideration: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple . . . ." *Analytical Surv.'s, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citations omitted).  Additionally, Local Civil Rule 6.3 provides that reconsideration is appropriate only where the moving party can point to matters or controlling decisions that the court overlooked, "matters, in other words, that might reasonably

be expected to alter the conclusion reached by the court." *Discovision Assocs. v. Toshiba Corp.*, No. 08 CIV. 3693, 2009 WL 1904518, at *1 (S.D.N.Y. June 30, 2009) (citation omitted). This rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Dellefave v. Access Temps., Inc.*, No. 99 CIV. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

Separately, a district court may certify an order for interlocutory appeal where the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## III.   DEFENDANTS' MOTIONS

Defendants argue that this Court should reconsider its denial of Defendants' motions to dismiss Plaintiff's FDCPA claim because: (1) Plaintiff's lawsuit was filed after the expiration of the FDCPA's one-year statute of limitations and equitable tolling does not apply; (2) Plaintiff lacks Article III standing because she has failed to adequately plead a concrete injury-in-fact; (3) Plaintiff inappropriately relied on the Consent Order to make her allegations; and (4) FDCPA liability cannot be predicated on good faith representations to a court, rather than a debtor.

*A.  Equitable Tolling of the Statute of Limitations*

First, Defendants submit that this Court erred by relying in part on 15 U.S.C. § 1692g(c) to support its conclusion that the facts and circumstances as alleged demonstrated that the FDCPA's one-year statute of limitations should be equitably tolled. Defendants argue that 15 U.S.C. § 1692g(c) means only that the failure of a debtor to respond to an "initial communication" may not be construed as an admission of liability. They argue further that because formal debt-

collection lawsuits are not "initial communications," a failure to respond to a debt-collection lawsuit may, in fact, be used as an admission of liability.

15 U.S.C. § 1692g(c) provides: "Admission of Liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer." New York law requires a debt collector to submit "proof of the facts constituting the claim" to obtain a default judgment. (Order at 12 n.9 (citing, *inter alia*, N.Y. C.P.L.R. 3215(f)).)   15 U.S.C. § 1692g(c) simply prohibits a debt collector from relying on a debtor's failure "to dispute the validity of a debt" to constitute such proof. Thus, as this Court previously stated, Defendants had to submit some other type of proof, such as an affidavit-of-merit, to obtain a default judgment. (*Id.*) And, as previously stated, Plaintiff did not fail to act diligently with respect to discovering that Defendants misrepresented the "proof" they submitted, since Plaintiff had no reason to suspect that Defendants did not, in fact, do what the affidavit-of-merit purported they did. (Order at 11-12.)

Defendants have failed to demonstrate that this Court overlooked any matters or controlling authority which warrants granting their motion for reconsideration regarding this Court's decision to equitably toll the statute of limitations on Plaintiff's FDCPA claim.[2]

*B. Concrete Injury-in-Fact*

Next, relying on *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) (decided after oral argument was held in this case), Defendants argue that this Court should reconsider its decision that Plaintiff has adequately alleged that she suffered a concrete injury in fact sufficient to confer this Court with Article III subject-matter jurisdiction. Specifically, Defendants argue that Plaintiff has not

---

[2] Defendants also argue that this Court's opinion conflicts with *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 422 (S.D.N.Y. 2010). This argument fails for two reasons. First, *Sykes* is not controlling authority and second, it is distinguishable from the particular facts here, where Plaintiff had no reason to suspect Defendants' misrepresentations.

met her pleading burden because she did not allege "that the purported FDCPA violation changed the outcome of the [underlying state-court debt-collection action] and genuinely harmed her, such as by causing her to pay something she did not owe, or to pay someone she did not owe." (PRA Mot., ECF No. 51, at 7.)

In *Spokeo*, the Supreme Court explained what satisfies the "concrete" prong of Article III's "injury-in-fact" requirement. 136 S. Ct. at 1549-50. It held that "a bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III." *Id.* at 1549. The Court explained, for instance, that

> [a] violation of one of the [Fair Credit Reporting Act's] procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm.

*Id.* at 1550.

On the other hand, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id.* at 1549. Indeed, a plaintiff suing based on a statutory right prescribed by Congress sometimes "need not allege any *additional* harm beyond the one Congress has identified." *Id.* at 1549 (emphasis in original). For example, the inability to obtain information to which the public is statutorily entitled is sufficient to satisfy Article III's injury-in-fact requirement. *See id.* at 1549-50 (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (1998) and *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989)).

*Spokeo* makes clear that Plaintiff has alleged the violation of a procedural right that resulted in a concrete harm. Plaintiff alleged that Defendants submitted a false, deceptive, or misleading

affidavit to procure a judgment that they would otherwise have been unable to obtain—and, in effect, required Plaintiff to defend against the debt-collection action even though, by statute, her failure to do so could not be used against her to satisfy Defendants' burden.   Contrary to Defendants' assertion, Plaintiff did allege that the Defendants' purported FDCPA violation changed the outcome of the underlying state-court collection action, and genuinely harmed her.

In sum, Plaintiff adequately pleaded that she suffered a concrete injury in fact sufficient to confer this Court with subject-matter jurisdiction.  Accordingly, reconsideration on this ground is not warranted.

### C.  Reliance on Consent Order as Basis for Allegations

Defendants also argue that this Court should grant its motion for reconsideration because it improperly allowed Plaintiff's pleadings to rely on the CFPB's Consent Order.  This argument was previously considered and rejected.  (Order at 3 n.4.)  When facts concerning a defendant's scheme activity are peculiarly within that defendant's knowledge, a plaintiff victimized by that scheme may plead upon information and belief facts drawn from a government agency's investigative findings concerning the scheme.  *See Lorelay Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 179-80 (2d Cir. 2015).  Accordingly, reconsideration on this ground is not warranted.

### D.  FDCPA Liability Based on Representations to a Court

Finally, Defendants argue that FDCPA liability cannot be based on assertions made in state court filings.  Again, this Court already considered and rejected this argument.  (*See* Order at 13-15.)  In their motion for reconsideration, Defendants argue that *Eades v. Kennedy, PC Law Offs.*, 799 F.3d 161 (2d Cir. 2015), is "controlling authority" that this Court overlooked.  This Court did not overlook *Eades*, but distinguished it.  (Order at 17 n.15. (contrasting *Eades*—which merely

held that an allegation that defendant filed and pursued a lawsuit without sufficient evidence, *without more*, fails to state a claim that the lawsuit was false, deceptive, or misleading—with allegations that Defendants affirmatively and falsely represented that they had evidence sufficient to prove their debt-collection claim when they did not).) Defendants' argument attempts to relitigate issues which have already been decided, and reconsideration on this basis is not warranted.

### E. Interlocutory Appeal

In the alternative, Defendants request that this Court amend its Opinion to certify the question of whether assertions in state court filings may trigger FDCPA liability to the Second Circuit for interlocutory appeal. A district court may certify an order for interlocutory appeal where the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Defendants argue that because the Second Circuit "left open" the question of whether an FDCPA claim may be brought for misrepresentations made to third parties, it is entitled to interlocutory appeal. In *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 97 (2d Cir. 2015), the Second Circuit "decline[d] to address this question, in the first instance, on appeal." *Id.* (citing *Dardana Ltd. v. Yuganskneftegaz*, 317 F.3d 202, 208 (2d Cir. 2003) ("It is this Court's usual practice to allow the district court to address arguments in the first instance.")). The mere fact that the Second Circuit in *Sykes* "le[ft] it to the district court to decide this issue at a later stage of the litigation" (*id.*) does not establish a "substantial ground for difference of opinion" on this issue sufficient to grant interlocutory appeal. Accordingly, interlocutory appeal is denied.

7

## IV.    CONCLUSION

Defendants' motion for reconsideration is DENIED.  Defendants' request for interlocutory appeal is DENIED.

The Clerk of Court is directed to close the motions at ECF Nos. 50 and 52.

Dated: May ____, 2017
      New York, New York

MAY 1 2 2017

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

8