# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
:
MARY ELLEN TOOHEY, SHERRY
CAMPBELL, SCYNETTE COOK, JULIA
GREENWOOD, IRENE LOFTIN, ELAINE
SHERRY, and HOWARD ZUBIN,
individually and on behalf of all others
similarly situated,
                           No. 15 Civ. 8098 (GBD)

              Plaintiffs,

     -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC, and MALEN & ASSOCIATES, P.C.,

             Defendants.
:
-----------------------------------------------------------x

## SETTLEMENT AGREEMENT

WHEREAS, Portfolio Recovery Associates, LLC ("PRA") and Malen & Associates, P.C. ("Malen") (collectively the "Defendants") were named as defendants in a putative class action brought by Plaintiffs Mary Ellen Toohey, Sherry Campbell, Scynette Cook, Julia Greenwood, Irene Loftin, Elaine Sherry, and Harry Zubin (collectively the "Plaintiffs") on their own behalf and putatively on behalf of all others similarly situated; and

WHEREAS, Plaintiffs allege that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and other laws in connection with the collection or attempted collection of consumer debt from Plaintiffs and others similarly situated, including by obtaining Default Judgments against certain Plaintiffs; and

WHEREAS, this Settlement Agreement reflects the Parties' Settlement of all Claims of Plaintiffs and the Settlement Class, subject to Court approval;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by, between and among the undersigned, including Plaintiffs (individually and in their representative capacity for the Settlement Class), PRA, and Malen, each through their respective duly authorized counsel, that the case *Toohey, et al. v. Portfolio Recovery Associates, LLC, et al.*, No. 15 Civ. 8098 (S.D.N.Y.) (the "Action") and the matters raised by it are hereby settled and compromised, that the Action will be dismissed on the merits and with prejudice as to the Defendants and their Related Persons, and that the Released Class Members' Claims will be released, subject to the Court's approval and such approval becoming Final.

# I.    LITIGATION

Plaintiff Mary Ellen Toohey filed the initial complaint in this Action in the United States District Court for the Southern District of New York (the "Court") on October 14, 2015, on her own behalf and putatively on behalf of a nationwide class of similarly situated consumers. The complaint named as defendants Portfolio Recovery Associates, LLC, PRA Group, Inc., and Malen, though Plaintiff later withdrew the claims against PRA Group, Inc. The complaint asserted claims against the remaining defendants under the FDCPA, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), New York's General Business Law ("GBL"), and the common law doctrine of unjust enrichment. According to the complaint, PRA and Malen allegedly obtained default judgments against consumers in debt-collection lawsuits by filing misleading affidavits that stated that the affiant had personal knowledge of certain account-level documentation that affiant lacked. The Action is pending before the Honorable George B. Daniels.

In December 2015, the Defendants moved to dismiss the Complaint. On August 22, 2016, the Court granted Defendants' motions in part and denied them in part. The Court dismissed the RICO, GBL, and unjust enrichment claims, but denied Defendants' motion to dismiss the FDCPA claim. On May 12, 2017, the Court denied Defendants' motion for reconsideration of its decision to allow the FDCPA claim to proceed.

On August 24, 2017, Plaintiffs filed an Amended Class Action Complaint against PRA and Malen, re-asserting Ms. Toohey's FDCPA claim and bringing claims on behalf of six additional individual plaintiffs and a putative nationwide class. Defendants have consistently maintained that their practices did not violate the FDCPA and that the lawsuit could not be certified as a class action.

The parties have engaged in extensive discovery. The parties exchanged document requests and interrogatories, and each served responses and objections to the requests. In addition, each of the seven individual plaintiffs and two PRA corporate representatives testified in depositions.

Beginning in 2018, the parties engaged in extensive arm's length settlement discussions. On August 1, 2018, the parties jointly requested and the Court so-ordered a stay of discovery in order to facilitate settlement discussions. After the parties were unable to reach agreement in the fall of 2018, they jointly notified the Court on November 5, 2018 that they would recommence fact discovery. In early 2019, the parties resumed settlement negotiations, and on March 19, 2019, the parties jointly submitted a letter to the Court requesting another stay of discovery to facilitate settlement discussions. Since then, the parties engaged in months of additional arm's length negotiations, culminating in a written Memorandum of Understanding, executed August 19, 2019, that reflected agreement on all material terms of the settlement. The parties promptly notified the Court that the parties had reached agreement on all material terms of settlement and proposed that the parties would submit for the Court's approval the final settlement agreement on or before September 27, 2019 if possible. The Court granted the parties' joint request on August 13, 2019.

## II.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs and Class Counsel contend that the claims asserted in the Action have merit. However, Plaintiffs and Class Counsel recognize the expense that continued prosecution of the Action would require.  Moreover, litigation could proceed for an extended period before Plaintiffs' claims could be adjudicated.  Plaintiffs and Class Counsel are also aware of the uncertainties and risks of continued litigation, including those associated with continued discovery, summary judgment, class certification, trial, and appeals of the dismissed causes of action.  Plaintiffs and Class Counsel are also aware of the limitations presented by the FDCPA's statutory damages provision.  In consideration of all of these costs, risks, and other factors, Plaintiffs and Class Counsel believe that this Settlement Agreement confers substantial benefits upon the Class.  Plaintiffs and Class Counsel have determined that settlement, as set forth in this agreement and supporting papers, is in the best interest of Plaintiffs and all Class Members.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants deny that their conduct violated the FDCPA and/or any other federal, state, or local law, and have consistently maintained that their process for filing default judgment applications was at all times proper and in compliance with applicable laws.  Defendants also maintain that Plaintiffs lack Article III standing, that Plaintiffs have not incurred any actual damages as a result of Defendants' alleged conduct, and that Plaintiffs' FDCPA claim is untimely.  In addition, Defendants maintain that the facts and circumstances surrounding Plaintiffs' claims are too individualized to be adjudicated on a collective basis.  Nonetheless, taking into account the uncertainty, risks, and costs inherent in litigation, Defendants have determined to settle as set forth in this agreement and supporting papers.  As set forth in Section IV.K, this Settlement Agreement shall in no event be construed as, or deemed to be evidence of, an admission or concession by Defendants or any of the Released Persons with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Definitions

As used in this Settlement Agreement, the following capitalized terms have the following meanings, unless provided otherwise in this Settlement Agreement:

1.    "**Action**" means the putative class action captioned *Toohey, et al. v. Portfolio Recovery Associates, LLC, et al.*, No. 15 Civ. 8098 (S.D.N.Y.).

2.    "**Administration Expenses**" means all fees, costs and expenses to administer the class settlement, including the fees of the Class Administrator and any fees, costs or expenses associated with Notice Expenses.

3.    "**Approval Order and Judgment**" means the order and judgment to be submitted to the Court, approving this Settlement and this Settlement Agreement and dismissing with prejudice all claims in the Action as to the Defendants, which order shall be submitted substantially in the form set out in Exhibit F to Class Counsel's declaration in support hereof.

4.     "**Attorneys' Fees and Expenses Award**" means the amount that the Court awards to Class Counsel to compensate them for their fees and expenses in connection with investigating the facts and circumstances of Plaintiffs' claims and prosecuting and/or settling the Action, as provided for in Section IV.H below.

5.     "**CAFA**" means the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711-15.

6.     "**CAFA Notice**" means any notice to be provided pursuant to CAFA.

7.     "**Claim**" means any and all actions, causes of action, proceedings, adjustments, executions, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, variances, covenants, trespasses, damages, demands (whether written or oral), agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees and losses of any sort whatever, whether in law or in equity (including, without limitation, injunctions, accountings, restitution and disgorgement), and whether based on any federal, state or foreign statutory or common-law right of action or otherwise (including, without limitation, claims based upon the FDCPA, RICO, and/or the GBL, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued, existing now or sought to be created in the future, including Unknown Claims.

8.     "**Class Administrator**" means the person or entity the Court shall appoint in the Preliminary Approval Order to distribute the Individual Notice, operate the settlement website, set up and run a toll-free telephone center to respond to inquiries from potential Class Members, receive requests for exclusion, distribute the Net Settlement Fund in accordance with the terms of this Settlement Agreement and at direction of Class Counsel, and otherwise administer the terms of this Settlement Agreement.

9.     "**Class Counsel**" means Frank LLP.

10.    "**Class Member**" means a Person who falls within the definition of the Settlement Class as set forth in this Settlement Agreement.

11.    "**Execution Date**" means the date by which this Settlement Agreement has been executed by all Settling Parties.

12.    "**Fairness Hearing**" means the hearing at which the Court will be asked to make a decision, pursuant to Fed. R. Civ. P. Rule 23, as to whether this Settlement is fair, reasonable and adequate to settle the Class Members' Claims against PRA and Malen, and the other Released Persons, and whether the Court should approve the proposed Settlement as set out in this Settlement Agreement, and authorize the mailing and payment of checks to Class Members.

13.    "**FDCPA**" means the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.*

14.     "**Final**" means, when used in connection with any Court judgment or order (including any order approving this Settlement or any order approving this Settlement on appeal), that the judgment or order shall be final:

        a.     if no appeal is taken, on the date on which the time to appeal from the judgment or order (including any extension of time) has expired; or

        b.     if any appeal is taken from the order and judgment, the date on which all appeals therefrom — including any petitions for panel rehearing or rehearing en banc, petitions for certiorari or any other form of review and any related appeals or petitions, including as to any appeal bond — have been finally disposed of, such that the time to appeal therefrom (including any potential extensions of time) has expired and all appeals have been exhausted in a manner resulting in an affirmance of the relevant judgment or order.

15.     "**Final Settlement Date**" means the date on which the Approval Order and Judgment become Final.

16.     "**GBL**" means the New York General Business Law § 349.

17.     "**Individual Notice**" means the notices described in Section IV.E of this Settlement Agreement and in the Preliminary Approval Order (or any other order of the Court), as approved by the Court.

18.     "**Legal Holiday**" means New Year's Day, the observance of the birthday of Martin Luther King, Jr., Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day designated as a federal or New York state holiday.

19.     "**Mediator**" means the person, approved by the Settling Parties, presiding over any disputes arising under Section IV.L.

20.     "**Net Settlement Fund**" means the balance in the Settlement Fund after payment (pursuant to the terms of this Settlement Agreement) of Administration Expenses, Tax Expenses, Service Awards and the Attorneys' Fees and Expenses Award, *provided* that the Net Settlement Fund shall include any interest that accrues while it is held in the Settlement Fund.

21.     "**Notice Expenses**" means all fees, costs and expenses associated with providing Notice pursuant to Section IV.E and the Preliminary Approval Order or any other order of the Court.

22.     "**Objection Deadline**" means the date by which objections to this Settlement must be submitted to the Court as set out in the Preliminary Approval Order or any other order of the Court.

23.     "**Preliminary Approval Order**" means the order entered by the Court that, among other things, authorizes that notice be provided to putative Class Members,

authorizes retention of the Class Administrator and schedules the Fairness Hearing, which order is proposed to the Court in the form set out in Exhibit E to Class Counsel's declaration.

24. **"Qualified Settlement Fund"** means a fund within the meaning of Treasury Regulations § 1.468B-1.

25. **"Related Persons"** means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, representatives, partners, heirs, executors, administrators, successors, affiliates, agents, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and any entity in which any Defendant and/or their Related Persons has a controlling interest.

26. **"Released Claims"** or **"Released Class Members' Claims"** means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Plaintiffs or any other member of the Settlement Class asserted against the Defendants in the Action or could have asserted in any forum that arise out of or are based upon or related in any way to the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or Amended Complaint. "Released Claims" includes "Unknown Claims" as defined in this Settlement Agreement.

27. **"Released Persons"** means each and all Defendants and each and all of their Related Persons.

28. **"Request for Exclusion Deadline"** means the date by which those who wish to be excluded from the Settlement Class must validly request exclusion from the Settlement Class pursuant to the Preliminary Approval Order or any other order of the Court.

29. **"RICO"** means the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968.

30. **"Service Award"** means the sum of money (sometimes referred to as an "incentive award") to be paid to each Plaintiff in recognition of his or her contribution to this case as a class representative. Class Counsel shall have sole discretion to determine the amount of the Service Award to be proposed to the Court for approval.

31. **"Settlement"** means the settlement terms, conditions and other provisions memorialized in this Settlement Agreement.

32. **"Settlement Agreement"** means this Stipulation of Settlement, including any subsequent written amendments to this Stipulation of Settlement and/or the Exhibits attached thereto.

33.     "**Settlement Amount**" means the amount of $1,495,000 to be deposited into the Settlement Fund and paid pursuant to this Settlement Agreement.  Such amount is paid as consideration for full and complete settlement of the Released Claims.

34.     "**Settlement Class**" means all persons against whom PRA and/or Malen obtained default judgments in the State of New York related to the collection of consumer debt from October 14, 2012 through October 14, 2015.  Excluded from the Class are the officers and directors of any Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest; decedents; and any person with a pending action before any U.S. Bankruptcy Court as of the date of preliminary settlement approval.  Also excluded from the Settlement Class are those who timely and validly request exclusion pursuant to this Settlement Agreement.

35.     "**Settlement Counsel**" means Class Counsel, PRA's Counsel, and Malen's Counsel.

36.     "**Settlement Fund**" means an account to be maintained by the Class Administrator (i) into which the Settlement Amount will be deposited and from which Administration Expenses shall be paid and (ii) in which the Net Settlement Fund shall be held until it is distributed to eligible Class Members *provided* that, where appropriate, such account shall be treated for U.S. federal income tax purposes as a Qualified Settlement Fund; *provided further* that the Defendants shall not have any interest in, dominion or control over, or claim on the amounts held in the Settlement Fund except as specified herein.  Such Settlement Fund shall bear interest until such time after the Final Settlement Date as the money is transferred to a checking account to be distributed to Class Members.  For avoidance of doubt, once the Final Settlement Date has occurred, no portion of the Settlement Fund shall revert to PRA or Malen, or any of their agents or assigns.

37.     "**Settling Parties**" means Plaintiffs (on behalf of themselves and the Settlement Class), PRA, and Malen.

38.     "**Tax Expenses**" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns, information returns and related or similar documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns and other documents described in Section IV.D; *provided however*, that Tax Expenses shall not include any fees, costs, or expenses in connection with taxation incurred by PRA or Malen or any of their tax counsel or accountants.

39.     "**Taxes**" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in Section IV.D.

40.     "**Termination Date**" means that date, if any, on which any of the Settling Parties provides notice that he, she or it is exercising a right to terminate this Settlement Agreement under Section IV.L of this Settlement Agreement.

41.     "**Unknown Claim**" means any and all Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement Agreement.  With respect to any and all Released Claims, each of the Settling Parties and Settlement Counsel stipulate and agree that, upon the Execution Date, Plaintiffs shall expressly waive, and each other Class Member shall be deemed to have waived any and all provisions, rights and benefits conferred by any national, state, territorial, or other local law of the United States or of any other country, or any principle of federal or common law, that is similar, comparable, or equivalent to California Civil Code Section 1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties and Settlement Counsel acknowledge, and all other Class Members, by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the Claims released pursuant to this Settlement Agreement was separately bargained for and is a key element of this Settlement Agreement.

B.     **Conditional Certification of Settlement Class**

1.     For purposes of this Settlement Agreement only, Plaintiffs and the Defendants agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in Section IV.A.34; (ii) the appointment of Plaintiffs as Class Representatives for the Settlement Class; and (iii) the appointment of Frank LLP as Class Counsel.

2.     If the Court denies the Approval Order and Judgment, the Parties shall be restored to their respective positions existing immediately before the Execution Date; there will be no stipulation as to class certification; and Defendants reserve the right to oppose class certification on any ground.

C.     **Releases**

1.     Upon the Final Settlement Date, Plaintiffs and each of the Class Members (who have not validly opted out of the Settlement Class by the Request for Exclusion Deadline) and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them shall be deemed to have, and by operation of the Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members cash checks disbursed in connection with the Settlement Agreement) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the

Released Claims. The foregoing release is effective regardless of whether such Plaintiff or Class Member has: (i) cashed their check disbursed in connection with the Settlement Agreement; (ii) received notice of the Settlement Class; (iii) participated in the Settlement Fund; or (iv) filed an objection to the Settlement Agreement, or any application by Class Counsel for attorneys' fees and expenses. Nothing contained herein shall, however, bar any action or claim to enforce the terms of this Settlement Agreement.

2.     Upon the Final Settlement Date, Plaintiffs and each of the Class Members who have not validly opted out of the Settlement Class shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims. For avoidance of doubt, this release shall not waive or prejudice the ability of any member of the Settlement Class to assert any defense under state law in any action in which the member of the Settlement Class is a defendant and the plaintiff is PRA or one of its agents or assigns.

3.     Upon the Final Settlement Date, each of the Released Persons shall be deemed to have, and by operation of the Approval Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Class Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

D.     **Settlement Consideration**

1.     Settlement Fund

a.     Creation of Settlement Fund

i.     Within forty-five (45) days following Final Settlement Date, or the provision of all necessary account information and wiring instructions, whichever date is later, PRA or its insurance carrier will deposit $1,495,000 to the Settlement Fund.

ii.     Malen has agreed to contribute $50,000 towards the Settlement Amount. Malen will pay $50,000 to PRA, and PRA will deposit the full Settlement Amount in the Settlement Fund pursuant to this Settlement Agreement. The $50,000 contribution from Malen is included in the $1,495,000 being deposited in the Settlement Fund, not in addition to that amount.

b.     Administration of the Settlement Fund

i.     As provided in the Preliminary Approval Order, the Class Administrator shall help implement this Settlement pursuant to this Settlement Agreement. Neither PRA, Malen, nor the other Released Persons shall have any

liability as to or in connection with the administration of this Settlement Agreement.

        ii.      In using potential Class Members' confidential information for purposes of providing Notice or making distributions to Class Members, the Class Administrator shall act as Class Counsel's agent and shall (i) use such information only in connection with the administration of the proposed Settlement (including providing Notice) and (ii) take reasonable measures to maintain the security of the confidential information.

        iii.     To the extent Administration Expenses are incurred specifically relating to the implementation of this Settlement Agreement, such Administration Expenses shall be paid by Class Counsel, to be reimbursed from the Settlement Fund.

      c.     Treatment of Settlement Fund as Qualified Settlement Fund

        i.      The Settling Parties and their counsel agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1. All necessary steps to enable the Settlement Fund to be treated as a Qualified Settlement Fund for tax purposes shall be taken, including the filing by the Class Administrator and/or its agents of all elections and statements required for tax purposes pursuant to Treas. Reg. §§ 1.468B-0 through 1.468B-5, or any other relevant statutes, regulations, or published rulings now or hereafter enacted or promulgated, for all taxable years in which the Settlement Fund is in existence, beginning with the date of its establishment.

        ii.      The Class Administrator shall be the "administrator" of the Qualified Settlement Fund(s) for tax purposes under Treas. Reg. §§ 1.468B-0 through 1.468B-5, shall file or cause to be filed on a timely basis any required federal, state and local tax and information returns, and shall cause any taxes due on the income of the Qualified Settlement Fund to be paid from the Settlement Fund. The Settling Parties agree that the Settlement Fund shall be treated as a Qualified Settlement Fund, as provided in Treas. Reg. §§ 1.468B-0 through 1.468B-5, from the earliest date possible, and hereby agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest date possible. In no event shall any of the Released Persons have any responsibility whatsoever for filing elections or other required statements, or tax or information returns, or for paying costs associated therewith, any Taxes due, or the expenses of notice or administration of the Settlement Fund. All Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

        iii.     All (a) Taxes arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not

qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (b) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this section (including, without limitation, expenses of attorneys and/or accountants and mailing and distribution costs and expenses relating to filing, or failing to file, the returns and other documents described in this section), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Class Administrator out of the Settlement Fund without prior order from the Court, and the Class Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as amounts that may be required to be withheld under Treasury Regulation §§ 1.468B-2(l)(2) or otherwise); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Class Administrator, each other, and their attorneys and accountants to the extent reasonably necessary to carry out the provisions in this section.

iv.     For the purposes of this section, references to the Settlement Fund shall include both the Settlement Fund and any interest earnings thereon.

d.     Distribution of the Net Settlement Fund

i.     If approval of the proposed Settlement becomes Final, the Net Settlement Fund shall be distributed to the Class Members in equal shares, or in such other manner as Class Counsel in its sole discretion subsequently proposes and the Court approves. Further, Class Counsel shall have sole discretion as to whether, and in what form, subsequent distributions may occur, subject to the Court's approval.

ii.     No person or entity shall have any Claim against Plaintiffs, Class Counsel, the Class Administrator, any of the foregoing's agents or any Released Persons (including the Defendants and Defendants' Counsel) relating to or arising out of any distributions of the Net Settlement Fund, or lack thereof, made under this Settlement Agreement or orders of the Court.

iii.     The Settling Parties understand and agree that, notwithstanding any other provision of this Settlement Agreement, a Court-ordered or Court-approved change to the method of distribution of the Net Settlement Fund as proposed by Plaintiffs shall not operate to modify, terminate

or cancel this Settlement or this Settlement Agreement or affect the finality of the Approval Order and Judgment, or any other orders entered by the Court giving effect or pursuant to this Settlement Agreement, including those provisions giving effect to the Release.

        iv.     Neither PRA, Malen, nor the other Released Persons shall have any role in, responsibility for, or liability as to or in connection with (i) the method of distribution of the Net Settlement Fund, (ii) the form, substance, method, or manner of allocation, (iii) the administration or distribution of the Net Settlement Fund, (iv) any tax liability (if any) that a Class Member might incur as a result of this Settlement Agreement or (v) the result of any action taken pursuant to this Settlement Agreement, the amounts of claims or distribution of the Net Settlement Fund or the maintenance of the Settlement Fund as a Qualified Settlement Fund.

        v.     Class Members shall look solely to the Net Settlement Fund for settlement and satisfaction of all Released Claims, and only to the extent expressly provided by this Settlement Agreement, or any order of the Court, including such as might affect the method of distribution of the Net Settlement Fund. Under no circumstances will any of the Defendants or any Released Persons be responsible for the payment of any fees, costs, expenses or other funds associated with or arising out of this Settlement contemplated by this Settlement Agreement other than as provided herein.

        vi.     To the extent that any monies remain in the Settlement Fund after the fund has been used to pay (i) all Notice Expenses and Administration Expenses; (ii) all Taxes and Tax Expenses; (iii) the Attorneys' Fees and Expenses Award; (iv) all distributions to Class Members, such monies shall be given cy pres to the Civil Legal Advice and Resource Office ("CLARO"), or any other not-for-profit organizations identified by Plaintiffs that operate programs designed to benefit persons adversely affected by consumer debt collection practices.

2.     Non-Monetary Relief

        a.     Within (45) days after the Final Settlement Date, PRA will cease reporting trade-lines for all members of the Settlement Class on whom it is then reporting trade-lines for the accounts that are responsible for such person being members of the Settlement Class. For avoidance of doubt, PRA shall not be required to stop reporting trade-lines on accounts that are unrelated to a person's membership in the Settlement Class. Nor shall PRA have responsibility for any reports issued by Consumer Reporting Agencies after PRA has stopped reporting applicable trade-lines.

        b.     Except as provided in Section IV.D.2 above, PRA shall have no responsibility to provide any other non-monetary relief to satisfy its obligations under this settlement. However, this non-monetary relief shall apply to all members of the Settlement Class, regardless of whether they have: (i) cashed their check disbursed in

connection with this Settlement Agreement; (ii) received notice of the Settlement Class; (iii) participated in the Settlement Fund; or (iv) filed an objection to the Settlement Agreement, or any application by Class Counsel for attorneys' fees and expenses.

E. **Notice to Settlement Class**

    1.    <u>Individual Notice</u>

        a.    Subject to the requirements of the Preliminary Approval Order or any other order of the Court, Class Counsel will cause the Class Administrator to provide Individual Notice by first-class mail to the last-known address(es), updated using publicly-available databases, of all potential Class Members. The Individual Notice will inform Class Members of their rights and options concerning this Settlement Agreement, including that doing nothing in response to the Individual Notice will automatically cause their inclusion in the Settlement and prompt a subsequent mailing containing a check for their share of the Settlement Fund.

        b.    Class Counsel shall cause the Class Administrator to provide Individual Notice to be mailed within thirty (30) days of the Preliminary Approval Order.

        c.    If any of the Settling Parties is aware of a Class Member having a pending action as of the Execution Date against one or more of the Defendants relating in any way to Released Class Members' Claims, each of the Settling Parties will advise the other of any such putative Class Member of whom they are aware and, in addition to providing Individual Notice to such putative Class Member, the Settling Parties will also cause the Class Administrator to send the Individual Notice to the attorney representing such Class Member in the pending action.

        d.    Class Counsel will also cause the Class Administrator to post a notice that is, in sum and substance, similar to the Individual Notice on its website by no later than the date on which the first Individual Notices are mailed to potential Class Members.

    2.    <u>Notice Expenses</u>

        a.    All Notice Expenses incurred pursuant to this section shall be the sole responsibility of Class Counsel, to be reimbursed from the Settlement Fund.

    3.    <u>Objection Deadline and Request for Exclusion Deadline</u>

        a.    The Objection Deadline and the Request for Exclusion Deadline shall be sixty (60) days after Class Counsel has caused the Class Administrator to mail Individual Notice.

    4.    Not later than seven (7) days before the Fairness Hearing, Class Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing notice requirements.

F.      **CAFA Notice**

1.      PRA will cause to be provided CAFA Notice to appropriate federal and state officials as required by CAFA.  In scheduling hearings relating to the Court's determination whether to approve the proposed Settlement and this Settlement Agreement, the Settling Parties shall take into account the time periods prescribed in CAFA.

G.      **Communications Regarding the Settlement**

1.      The Settling Parties, Class Counsel, PRA's Counsel, and Malen's Counsel agree that the only public statement regarding the Action, or this Settlement, will be as follows: "The matter has been resolved by mutual agreement of the Parties."  For avoidance of doubt, nothing herein shall preclude the aforementioned parties and counsel, or their agents or assigns, from disseminating, publishing, or otherwise making available documents pertaining to the Settlement that have been filed with the court, provided such documents are not under seal, including but not limited to Defendants' obligations to effectuate CAFA Notice.

2.      The Settling Parties, Class Counsel, PRA's Counsel, and Malen's Counsel further agree that they will not make disparaging statements regarding any of the Settling Parties.

3.      The Settling Parties further agree that they will not, consistent with their duties of candor to the Court or any other reviewing court, assert positions in any court (whether directly or indirectly) or aid any other entity in asserting positions in any court (whether directly or indirectly) that may compromise the enforceability or approval of this Settlement Agreement or any other settlement agreement in this Action.

H.      **Attorneys' Fees and Expenses**

1.      Class Counsel will seek fees and expenses in an amount not to exceed $995,000.00 (the "Fee Award").  Defendants will make no objection to Plaintiffs' application for a Fee Award that does not exceed that amount.  If approved by the Court, the Fee Award will be paid solely from the Settlement Amount.  The Settling Parties agree that the settlement is not contingent upon the Fee Award.  If the Court denies the Fee Award or grants an award in an amount different from the amount sought by Class Counsel, that decision shall have no effect on the finality and enforceability of the releases or the other terms of this Settlement.

I.      **Preliminary Approval Hearing and Preliminary Approval Order**

1.      Within ten (10) days following the Execution Date (or any other date to which the Settling Parties agree or as ordered by the Court), the Class Counsel shall submit this Settlement Agreement to the Court and apply to the Court for entry of the Preliminary Approval Order.

2.      Class Counsel shall request that the Court, in its discretion, either (i) hold a Preliminary Approval Hearing to allow the Settling Parties to describe the proposed Settlement, the notice to be provided pursuant to its terms and the scheduling of a Fairness Hearing or (ii)

address the Settling Parties' application for entry of a Preliminary Approval Order based on the Settling Parties' application without a hearing.

        3.    Class Counsel shall ask the Court to certify the Settlement Class and certify Plaintiffs as representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class solely for the purposes of the proposed Settlement. The right of the Defendants to object to any expanded Settlement Class in the event the proposed Settlement does not become Final is preserved in all respects and nothing herein shall be deemed a waiver of any such right to object.

### J.    **Fairness Hearing, Approval Order and Judgment, and Dismissal**

        1.    At the time that Class Counsel submits this Settlement Agreement to the Court and applies for entry of the Preliminary Approval Order, they shall request that the Court schedule a Fairness Hearing, to take place at least thirty (30) days after the Objection Deadline.

        2.    At the Fairness Hearing, Class Counsel shall ask the Court to enter the Approval Order and Judgment, substantially in the form set out in Exhibit E to the declaration.

        3.    At the Fairness Hearing, Class Counsel shall ask the Court to include in the Approval Order and Judgment a statement that, during the course of the Action, the Settling Parties and their respective counsel (including Class Counsel and Defendants' Counsel) at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

### K.    **No Admissions**

        1.    This Settlement Agreement, the offer of this Settlement Agreement, and implementation of and compliance with this Settlement Agreement shall not constitute or be construed to be an admission by Defendants, or other Released Persons, or any of them individually, of any wrongdoing or liability. Defendants expressly deny any wrongdoing.

        2.    This Settlement Agreement is to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Action. The Settling Parties agree that no party was or is a "prevailing party."

        3.    In no event shall this Settlement Agreement, any of its provisions, or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Action, any other action, or any other judicial, administrative, regulatory or other proceeding, except a proceeding to enforce this Settlement Agreement or any of its terms.

        4.    Without limiting any of the foregoing provisions in this section, neither this Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence of a waiver by any of the Defendants of any applicable defense or an admission or concession of any liability or wrongdoing whatsoever, including that any of the Default Judgments were improperly obtained, on the part of any of the Defendants or any other Released Persons.

L.    **Modification, Termination, and Dispute Resolution**

1.    The terms and provisions of this Settlement and this Settlement Agreement may be amended, modified or expanded by written agreement of the Settling Parties; *provided however*, that after entry of the Approval Order and Judgment, the Settling Parties may by agreement effect such amendments, modifications or expansions of this Settlement Agreement and its implementing documents (including all Exhibits submitted in support of this Settlement Agreement) without notice to or approval by the Court as long as such amendments, modifications or expansions are not materially inconsistent with the Court's Approval Order and Judgment and do not materially limit the rights of Plaintiffs, any other Class Member, PRA, or Malen, under this Settlement Agreement.

2.    This Settlement and this Settlement Agreement shall terminate:

a.    if the Final Settlement Date does not occur;

b.    at the sole option and discretion of the Defendants or Class Counsel (on behalf of Plaintiffs and the Settlement Class) if (i) the Court, or any appellate court(s), rejects, modifies or denies approval of any portion of this Settlement Agreement that the terminating Settling Party reasonably and in good faith determines is material, including, without limitation, the terms of relief, the provisions relating to Notice, the definition of the Settlement Class, and/or the terms of the releases or (ii) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Preliminary Approval Order, the Approval Order and Judgment that the terminating Settling Party reasonably and in good faith believes is material; *provided* that, if the Settling Parties disagree about whether any court's action is material, they will submit the dispute to the Mediator for binding, nonreviewable arbitration decision. The Settling Parties agree that any decision with respect to the Attorneys' Fees and Expenses Award or the distribution of the Net Settlement Fund are not material and will not affect the finality of the Settlement.

c.    at the sole option and discretion of the Defendants if the number of Class Members who request exclusion exceed seven percent (7%) of all putative Class Members. In order to exercise such option, both PRA and Malen must consent in writing to termination pursuant to subsection IV.L.c.

3.    If an option to withdraw from or terminate this Settlement and this Settlement Agreement arises under this Settlement Agreement, no party will be required for any reason or under any circumstances to exercise such option.

4.    The relevant terminating Settling Party must exercise an option to terminate this Settlement and this Settlement Agreement by providing notice to all other Settling Parties by no later than ten (10) days after receiving actual notice of the event prompting the termination; *provided however*, that any option to terminate accruing at least two (2) days prior to the Fairness Hearing must be exercised by no later than two (2) days before the date of the Fairness Hearing.

5.    Notwithstanding anything set out in this section, no Plaintiff, Class Member, or Class Counsel may terminate this Settlement or this Settlement Agreement because of or in connection with Attorneys' Fees and Expenses Award ordered by the Court or as modified by any appellate court(s).

6.    If the proposed Settlement and this Settlement Agreement are terminated pursuant to the Settlement terms, then:

a.    the proposed Settlement and this Settlement Agreement shall be null and void and shall have no force or effect, and no Settling Party or Released Persons shall be bound by any of its terms, and Class Counsel and the Class Administrator shall cause the Settlement Fund and any interest accrued thereon, to be returned immediately to PRA;

b.    the proposed Settlement and this Settlement Agreement, and all of its provisions and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of the Settling Parties or any other Class Member, all of whom shall be restored to their respective positions existing immediately before the Execution Date, except with respect to the Administration Expenses, Notice Expenses, and Mediator fees or expenses that have been incurred as of the Termination Date as described in Sections IV.D, IV.E, and IV.L.7.

c.    the aggregate amount of any Administration Expenses due under Section IV.D and any incremental Notice Expenses due under Section IV.E that have been incurred as of the Termination Date shall be borne one-half (1/2) by Class Counsel and one-half (1/2) by PRA if the termination results from PRA only; one-half (1/2) by Class Counsel and one-half (1/2) by Malen if the termination results from Malen only; and one-half (1/2) by Class Counsel and one-half (1/2) by the Defendants, jointly and evenly between PRA and Malen, if neither is solely responsible for the termination;

d.    any Mediator fees and expenses incurred but not paid as of the Termination Date shall be paid consistent with Section IV.L.6.c;

e.    Released Persons expressly deny any wrongdoing by Defendants and other Released Persons and expressly and affirmatively reserve all defenses, arguments and motions that have been or might later be asserted in the Action;

f.    Plaintiffs expressly and affirmatively reserve all Claims, arguments and motions that have been or might have been asserted or made in the Action;

g.    none of the proposed Settlement, this Settlement Agreement, the fact of the Settlement having been made, nor any negotiations or communications regarding this Settlement shall be admissible or entered into evidence in any proceeding for any purpose whatsoever, except to enforce any of the surviving terms of this Settlement Agreement;

h.    none of the Defendants' agreement to the proposed Settlement, this Settlement Agreement, nor their execution of this Settlement Agreement shall constitute

or be construed to be an admission by any of the Defendants that any wrongdoing has taken place (including that any of the Default Judgments were improperly obtained) or that any of the Defendants (or any other Released Persons) has engaged in any actionable conduct in connection with the conduct alleged in the Action or that any of the Claims made in the Action have any merit;

        i.      all agreements (including confidentiality agreements) as to the use of documents or information provided to Plaintiffs and/or Class Counsel in connection with mediation, any other attempt to settle the Action, shall remain in full force and effect; and

        j.      except as expressly set out in this Settlement Agreement in Section IV.L, nothing in this Settlement Agreement shall create any obligation on the part of any Settling Party to pay any other Settling Party's fees and/or expenses.

        7.      If the Settling Parties have a dispute concerning the Notice to be provided to Class Members or the administration or implementation of this Settlement Agreement, such dispute shall be submitted to a mediator, agreed upon by the parties, for binding, nonreviewable arbitration. Any amounts due to the Mediator pursuant to this section shall be borne one-half (1/2) by Class Counsel and one-half (1/2) by PRA if the dispute involves PRA only; one-half (1/2) by Class Counsel and one-half (1/2) by Malen if the dispute involves Malen only; and one-half (1/2) by Class Counsel and one-half (1/2) by the Defendants, jointly and evenly between PRA and Malen, if the dispute involves both PRA and Malen. To the extent Class Counsel incurs costs pursuant to this section, Class Counsel may seek reimbursement from the Settlement Fund.

        M.      **General Matters and Reservations**

        1.      The Settling Parties intend this Settlement Agreement to be a final and complete resolution of all Claims arising out of Released Class Members' Claims that have been or could have been asserted by any Class Member against the Defendants and/or their Released Persons. As of the Execution Date, this Settlement Agreement shall supersede any and all agreements reached between the parties, including but not limited to the Memorandum of Understanding executed on August 12, 2019. Until the Execution Date, the Memorandum of Understanding shall be binding on the parties.

        2.      The Settling Parties agree not to assert in any forum that the Action was brought (on the one hand) or that the Defendants defended the Action (on the other hand) in bad faith or without a reasonable basis. The Settling Parties shall not assert any Claims relating to the prosecution, defense or settlement of the Action except as necessary to enforce this Settlement Agreement. The Settling Parties agree that the settlement relief provided in this proposed Settlement and this Settlement Agreement and the terms of this Settlement Agreement were negotiated at arm's length in good faith by the Settling Parties and reflect a Settlement that was reached voluntarily after consultation with experienced counsel.

        3.      Class Counsel represents that it is authorized to enter into this Settlement Agreement on behalf of each of the Plaintiffs and that (i) they have kept each of the Plaintiffs

apprised of the progress of the settlement negotiations, (ii) they have advised each of the Plaintiffs of the terms and provisions of this Settlement Agreement, (iii) each of the Plaintiffs has approved the terms of this Settlement Agreement and (iv) none of the Plaintiffs will request to be excluded from the Settlement Class.

4.      This Settlement Agreement sets forth the entire agreement among the Settling Parties with respect to its subject matter and supersedes any agreements that preceded this Settlement Agreement.  This Settlement Agreement may not be altered or modified except by written instrument executed by Class Counsel (with the permission of Plaintiffs), PRA's counsel and Malen's counsel.  The Settling Parties expressly acknowledge that no other agreements, arrangements or understandings not described in this Settlement Agreement exist among or between them.  In entering into this Settlement Agreement, no Settling Party has relied upon any representation or warranty not set forth expressly in this Settlement Agreement.

5.      All Settling Parties agree that this Settlement Agreement was drafted by counsel for the Settling Parties at arm's length and that no parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Settling Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.

6.      This Settlement Agreement shall be governed by and interpreted according to the laws of the State of New York, excluding its conflict of laws provision that would result in the application of law of another jurisdiction.

7.      The Court shall retain jurisdiction over this Settlement Agreement, the Settling Parties, all Class Members (including all Class Members who submit objections), Defendants, and all Released Persons to adjudicate all issues relating to this Settlement Agreement and this Settlement, including without limitation, any issues relating to the Preliminary Approval Order or the Approval Order and Judgment.

8.      Pending approval of the Court of the Settlement Agreement and the papers submitted in support thereof, all proceedings in this Action shall be stayed, and all Class Members shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.      Whenever this Settlement Agreement requires or contemplates that a Settling Party shall or may give notice to another Settling Party or to counsel, notice shall be provided by (1) e-mail and (2) overnight (excluding Saturday and Sunday) delivery service as follows and shall be deemed effective upon receipt of such e-mail at the e-mail address below (or such other e-mail address as may be provided in writing by a Settling Party):

a.      If to PRA, then to:

> Jason Mendro
> jmendro@gibsondunn.com
> Gibson Dunn & Crutcher, LLP
> 1050 Connecticut Avenue, N.W.
> Washington, D.C. 20036
> Telephone: (202) 887-3726

b.      If to Malen, then to:

> Brett Scher
> bscher@kdvlaw.com
> Kaufman Dolowich & Voluck, LLP
> 40 Exchange Place, 20th Floor
> New York, NY 10006
> Telephone: (212) 485-9950

c.      If to Plaintiffs, then to:

> Gregory Frank
> gfrank@frankllp.com
> Frank LLP
> 370 Lexington Avenue, Suite 1706
> New York, NY 10017
> Telephone: (212) 682-1852

10.     All time periods set forth in this Settlement Agreement shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by a court, the day, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Legal Holiday, or, when the act to be done is the filing of a paper in the Court, a day on which weather or other conditions have caused the office of the Clerk of the Court to be inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days.

11.     The Settling Parties reserve the right, subject to the Court's approval, mutually to agree in writing to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

12.     The Settling Parties, their successors and assigns, and their counsel undertake to implement this Settlement Agreement, to cooperate fully in seeking Court approval and to use all reasonable efforts to effect the prompt consummation of this Settlement Agreement and the proposed Settlement.

13.     This Settling Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of an arm's length negotiation between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

14.     This Settlement Agreement may be signed in counterparts, each of which shall constitute a duplicate original.  Execution by facsimile or by electronically transmitted signature shall be fully and legally binding on a Settling Party.

Agreed to as of this  30  th day of November 2019.

GIBSON, DUNN & CRUTCHER LLP

By: _____
    Jason J. Mendro

    1050 Connecticut Avenue, N.W.
    Washington, DC 20036
    Telephone:    202.955.8500
    *Attorneys for*
    *Portfolio Recovery Associates, LLC*


KAUFMAN DOLOWICH & VOLUCK, LLP

By: _____
    Brett Scher

    40 Exchange Place, 20th Floor
    New York, NY 10006
    Telephone:    212.485.9950
    *Attorneys for Malen & Associates, P.C.*


FRANK LLP

By: _____
    Gregory Frank

    370 Lexington Avenue, Suite 1706
    New York, NY 10017
    Telephone:    212.682.1852
    *Attorneys for Plaintiffs and the Settlement*
    *Class*