UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MARY ELLEN TOOHEY, SHERRY
CAMPBELL, SCYNETTE COOK, JULIA
GREENWOOD, IRENE LOFTIN, ELAINE
SHERRY, and HOWARD ZUBIN,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

  -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC, MALEN & ASSOCIATES, P.C.,

        Defendants.

------------------------------------------------------------x



No. 15 Civ. 8098 (GBD)

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, an action is pending before this Court entitled *Toohey, et al. v. Portfolio Recovery Associates, LLC, et al.*, No. 15 Civ. 8098 (the "Action");

WHEREAS, on November 30, 2019, Plaintiffs Mary Ellen Toohey, Sherry Campbell, Scynette Cook, Julia Greenwood, Irene Loftin, Elaine Sherry, and Harry Zubin (collectively the "Plaintiffs"), on behalf of themselves and all others similarly situated, and Portfolio Recovery Associates, LLC ("PRA") and Malen & Associates, P.C. ("Malen") (collectively the "Defendants") (Plaintiffs and Defendants are collectively the "Settling Parties"), by and through their respective duly authorized counsel, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits being submitted in support thereof, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Plaintiffs' Amended Class Action Complaint filed on August 24, 2017 against the Defendants, on the merits and with prejudice (the "Settlement");

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

WHEREAS, the Court has read and considered (a) Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith and (b) the Settlement Agreement and exhibits submitted in support thereof, to determine, among other things, whether the Settlement is sufficiently fair, reasonable and adequate to warrant the issuance of notice of the proposed Settlement to the members of the Settlement Class; and

WHEREAS, the Settling Parties have consented to the entry of this Order;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court has jurisdiction over the subject matter of this Action and over the Settling Parties.

2. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: the Court hereby certifies the following class for the purposes of settlement only (the "Settlement Class"): all persons against whom PRA and/or Malen obtained default judgments in the State of New York related to the collection of consumer debt from October 14, 2012 through October 14,

2015. Excluded from the Class are the officers and directors of any Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest; decedents; and any person with a pending action before any U.S. Bankruptcy Court as of the date of preliminary settlement approval. Also excluded from the Settlement Class are those who timely and validly request exclusion pursuant to this Settlement Agreement.

3. Solely for the purposes of the proposed Settlement of the Action, the Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein, in that:

> a. the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable;
> b. there are questions of law and fact common to Class Members which predominate over any individual questions;
> c. Plaintiffs' claims are typical of the Settlement Class' claims;
> d. Plaintiffs and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and
> e. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, considering that the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any interest among Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and are certified as Class Representatives for the Settlement Class.

5. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the law firm of Frank LLP is appointed Class Counsel for the Settlement Class.

6. The Court hereby preliminarily approves the proposed Settlement as embodied in the Settlement Agreement, and subject to further consideration of the Settlement at the Settlement Hearing to be conducted as described below, preliminarily finds that the Settlement is (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; (iv) does not improperly grant preferential treatment to the Plaintiffs or segments of the Settlement Class; and (v) warrants notice of the proposed Settlement to Class Members, as described below.

7. A hearing (the "Fairness Hearing") will be held on July 16, 2020 at 10:00 a.m. (a date that is at least ninety (90) days from the date of this Order) before the Honorable George B. Daniels in Courtroom 11 A of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007 to determine, among other things: 

  a. whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

  b. whether a final Approval Order and Judgment, substantially in the form of Exhibit F to Plaintiffs' counsel's declaration in support of the motion for preliminary approval of the settlement, should be entered, dismissing the Action in its entirety and with prejudice; whether the covenants by the Settlement Class and the release by the Settlement Class of the Released Claims, as set forth in the Settlement Agreement, should be provided to the Released Persons; and whether the Settlement Class should be forever barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against the Released Persons;

  c. whether Plaintiffs' proposed method of distributing the Net Settlement Fund is fair and reasonable and should be approved by the Court;

  d. whether the Settlement Class should be finally certified for the purposes of the Settlement only; whether Plaintiffs should be finally certified as Class

4

Representatives for the Settlement Class; and whether the law firm Frank LLP should be finally appointed as Class Counsel for the Settlement Class;

e. whether Class Counsel's application for an Attorneys' Fees and Expenses Award should be granted;

f. whether any motion for Service Awards for Plaintiffs should be granted; and

g. such other matters as may properly be before the Court in connection with the Settlement.

8.  Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 9 of this order. The Court may approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court may enter the Judgment approving the Settlement regardless of whether it has approved Plaintiffs' proposed method of distributing the Net Settlement Fund to Class members, the proposed Service Awards, or the Attorneys' Fees and Expenses Award. The Court may also adjourn the Fairness Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

9.  The Court approves the form, substance, and requirements of the Notice Form annexed as Exhibit B to the declaration of Plaintiffs' counsel in support of the motion for preliminary approval of the Settlement, and finds that the procedures established for mailing and distribution of the Notices substantially in the manner and form set forth in paragraphs 10 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's motion for Attorneys' Fees and Expenses Award, of Plaintiffs' motion for Service Awards, of Class Members' right to object to the proposed Settlement, Plaintiffs' proposed method of distributing the Net Settlement Fund, the proposed Service Awards, or Class Counsel's motions for an Attorneys' Fees and Expenses Award, or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and

5

sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

10. The Court approves the retention of KCC LLC as the Class Administrator to supervise and administer the notice procedure and the processing of claims under the supervision of Class Counsel, as more fully set forth below:

    a. Not later than thirty (30) days after entry of this Order, the Class Administrator shall provide notice by first-class mail to the last-known address(es), updated using publicly-available databases, of all potential Class Members.

    b. The Class Administrator will post a notice that is, in substance, similar to the mailed notice on its website by no later than the date on which the first notices are mailed to potential Class Members.

    c. Not later than seven (7) days before the Fairness Hearing, Class Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing notice requirements.

11. Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion ("Request for Exclusion") in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such Request for Exclusion from the Settlement Class must be mailed or delivered such that it is received no later than thirty (30) days prior to the Fairness Hearing, to: Frank LLP, 370 Lexington Avenue, Suite 1706, New York, NY 10017 and (b) each Request for Exclusion must (i) state the name, address, and telephone number of the person requesting exclusion; (ii) state that such person "requests exclusion from the Settlement Class in *Toohey, et al. v. Portfolio Recovery Associates, LLC, et al.*, No. 15 Civ. 8098 (S.D.N.Y.); and (iii) be signed by the person requesting exclusion or an authorized representative. A Request for Exclusion shall not be effective unless it provides all the required information and is received within the time stated

above, or is otherwise accepted by the Court. Class Counsel shall cause to be provided to Defendants' counsel copies of all requests for exclusion, and any written revocation of Requests for Exclusion, within the sooner of two (2) days of Class Counsel's receipt or seven (7) days prior to the Settlement Hearing.

12. Any person who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Settlement Fund.

13. Any Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Persons as more fully described in the Settlement Agreement.

14. Any Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to representatives of both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 15 below, such that it is received no later than thirty (30) days prior to the Fairness Hearing, or as the Court may otherwise direct. Any Class Member who does not enter and appearance will be represented by Class Counsel.

15. Any Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, Plaintiffs' proposed method of distributing the Net Settlement Fund, the proposed Service Awards, or Class Counsel's motion for an Attorneys' Fees and Expenses Award and seek to appear at the Fairness Hearing and show

cause, if he, she, or it has any cause, why the proposed Settlement, Plaintiffs' proposed method of distributing the Net Settlement Fund, the proposed Service Awards, or Class Counsel's motion for an Attorneys' Fees and Expenses Award should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, Plaintiffs' proposed method of distributing the Net Settlement Fund, the proposed Service Awards, or the motion for an Attorneys' Fees and Expenses Award unless that person has filed or submitted a written objection with the Court, and served copies of such objection on Class Counsel and Defendants' Counsel, at the addresses set forth below, such that they are received no later than thirty (30) days prior to the Fairness Hearing. In addition to the information required to be included, and the procedures required to be followed as discussed in paragraph 17 below, the written objections and supporting papers must (a) clearly identify the case name and number (*Toohey, et al. v. Portfolio Recovery Associates, LLC, et al.*, No. 15 Civ. 8098), and be submitted to United States District Court for the Southern District of New York. A copy of the written objection shall also be served on each of the following counsel of record for the Settling Parties as noted below:

    a. Jason J. Mendro
       jmendro@gibsondunn.com
       Gibson Dunn & Crutcher, LLP
       1050 Connecticut Avenue, N.W.
       Washington, D.C. 20036
       Telephone: (202) 887-3726

    b. Brett Scher
       bscher@kdvlaw.com
       Kaufman Dolowich & Voluck, LLP
       40 Exchange Place, 20th Floor
       New York, NY 10006
       Telephone: (212) 485-9950

    c. Gregory Frank
       gfrank@frankllp.com
       Frank LLP
       370 Lexington Avenue, Suite 1706
       New York, NY 10017


Telephone: (212) 682-1852

16. Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and the telephone number of the person objecting and must be signed by the objector and an authorized representative; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class. Objectors who enter an appearance and desire to present evidence at the Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they propose to call to testify and any exhibits they intend to introduce into evidence at the hearing, subject to the Court's approval.

17. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, Plaintiffs' proposed method of distributing the Net Settlement Fund, the proposed Service Awards, and Class Counsel's motion for an Attorneys' Fees and Expenses Award and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, Plaintiffs' proposed method of distributing the Net Settlement Fund, the proposed Service Awards, and Class Counsel's motion for an Attorneys' Fees and Expenses Award, or from otherwise being heard concerning the Settlement, Plaintiffs' proposed method of distributing the Net Settlement Fund, the proposed Service Awards, and Class Counsel's motion for an Attorneys' Fees and Expenses Award, in this or any other proceeding. Any untimely objection shall be barred. Any submissions by the Settling Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Fairness Hearing.

18. If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated pursuant to the Settlement Agreement, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement

Agreement and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and the Settling Parties shall be restored to their respective positions existing immediately before the Execution Date.

19. Neither the Settlement Agreement, any of its terms of provisions or negotiations or proceedings connected with it, nor this Order shall not be construed or used as an admission or concession, by any of the Released Persons of the truth of any allegations in the Action, or of any liability, fault or wrongdoing of any kind. In the event this Order becomes of no force or effect, or in the event the Settlement Agreement is terminated, it shall not be construed or used as an admission, concession, or presumption by or against the Released Persons or the Settlement Class, nor shall is constitute a waiver by any Settling Party of any arguments, defenses, or claims he, she, or it may have in the Action.

20. All proceedings in this Action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement and this Order. Pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence, prosecute, participate in, or assist in the institution, prosecution, or assertion of any Released Claim against any of the Released Persons in any court or tribunal.

21. PRA shall, no later than ten (10) days following the filing of the Stipulation with the Court, serve upon the appropriate state official of each state in which a Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. PRA is solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least fourteen (14) days before the Fairness Hearing, PRA shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

22. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this 5TH day of March, 2020.

MAR 0 5 2020

*George B. Daniels*

Hon. George B. Daniels
United States District Judge

11