UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARY ELLEN TOOHEY, SHERRY
CAMPBELL, SCYNETTE COOK, JULIA
GREENWOOD, IRENE LOFTIN, ELAINE
SHERRY, and HOWARD ZUBIN,
individually and on behalf of all others
similarly situated,

                       Plaintiffs,

      -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC, MALEN & ASSOCIATES, P.C.,

                 Defendants.

------------------------------------------------------------x

No. 15 Civ. 8098 (GBD)

## [~~PROPOSED~~] APPROVAL ORDER AND JUDGMENT

WHEREAS, an action is pending before this Court entitled *Toohey, et al. v. Portfolio Recovery Associates, LLC, et al.*, No. 15 Civ. 8098 (the "Action");

WHEREAS, Plaintiffs Mary Ellen Toohey, Sherry Campbell, Scynette Cook, Julia Greenwood, Irene Loftin, Elaine Sherry, and Harry Zubin (collectively the "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and Portfolio Recovery Associates, LLC ("PRA") and Malen & Associates, P.C. ("Malen") (collectively the "Defendants") have entered into a Stipulation and Agreement of Settlement dated November 30, 2019 (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

WHEREAS, by Order dated March 5, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on July 16, 2020 (the "Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Settlement Agreement and all exhibits submitted in support thereof, and over all parties to the Action and all Class Members.

2.      This Judgment incorporates and makes a part hereof: (a) the Settlement Agreement, and (b) the Notice Form previously filed with the Court.

3.      The Court hereby finally certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all persons against whom PRA and/or Malen obtained default judgments in the State of New York related to the collection of consumer debt from October 14, 2012 through October 14, 2015.  Excluded from the Class are the officers and directors of any Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has or had a controlling interest; decedents; and any person with a pending action before any U.S. Bankruptcy Court as of the date of preliminary settlement approval.  Also excluded from the Settlement Class are those who timely and validly request exclusion pursuant to the Preliminary Approval Order.

4.      The Court hereby affirms its appointment of Plaintiffs as Class Representatives for the Settlement Class, and Frank LLP as Class Counsel for the Settlement Class.  The Court finds that Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of negotiating, entering into and implementing the Settlement, have done so at all times during the pendency of this Action, and have satisfied the requirements of Rules 23(a)(4) and 23(g) of the Federal Rules of Civil Procedure.

5.      This Court finds that the form of notice and the notice methodology (together the "Notice Program"):

        a.   were implemented materially in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order;

b. constituted the best practicable notice to Class Members under the circumstances of the Action;

c. were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

d. were reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice of the Settlement; and

e. fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable laws and rules.

6.     In light of the benefits to the Settlement Class, the complexity, expense, risk and possible duration of further litigation against the Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Plaintiffs, the Settlement Class, and the Class Members. This Court further finds the Settlement was the result of arm's-length negotiations between experienced counsel respectively representing the interests of Plaintiffs, the Settlement Class, and the Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

7.     The Action and all the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall

4

bear their own costs and expenses, except as otherwise expressly provided for in the Settlement Agreement.

8.     The terms of the Settlement Agreement and the Judgment shall be forever binding on Defendants, Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member obtains a distribution from the Settlement Fund), as well as their successors and assigns.

9.     The Releases set forth in section IV.C of the Settlement Agreement, together with the definitions of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Final Settlement Date. Accordingly, this Court orders that:

   a. Without further action by anyone, upon the Final Settlement Date, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective immediate family members, heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Settlement Agreement, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and all Released Claims against the Released Persons, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any of the Released Persons.

   b. Without further action by anyone, upon the Final Settlement Date, Defendants, on behalf of themselves, and their immediate family members, respective heirs, corporate parents, subsidiaries, general or limited partners, controlled entities, officers, directors, insurers, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Settlement Agreement, of law, and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every claim

5

against Plaintiffs, the Class Members, and Class Counsel arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

10.     Upon the date of this Order, to the extent allowed by law, the Settlement Agreement shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Class Member against any of the Released Persons with respect to any Released Claims, or brought by a Defendant against any of the Settlement Class with respect to any Released Person's Claims.

11.     Notwithstanding paragraphs 9 through 10 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

12.     The foregoing releases shall not apply to any person or entity listed on Attachment 1 hereto and all persons whose names appear on Attachment 1 hereto are hereby excluded from the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement.]

13.     Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims Defendants may have against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

14.     Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purpose, except: (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Judgment; (ii) in any action or proceeding where the releases provided pursuant to the Settlement Agreement may serve as a bar to recovery; or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

15.     This Court finds and concludes that during the course of the litigation, Plaintiffs, Class Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements

of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense and settlement of the Action.

16.     The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Agreement and all exhibits submitted in support thereof, provided that such amendments, modifications, and expansions of the Settlement Agreement are done in accordance with the terms of the Settlement Agreement, are not materially inconsistent with this Judgment, and do not materially limit the rights of Class Members under the Settlement Agreement.

17.     Neither this Judgment, the Memorandum of Understanding, the Settlement Agreement, including the exhibits submitted in support thereof, the negotiations leading to the execution of the Memorandum of Understanding and the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith):

      a.  shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Persons or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

      b.  shall be offered against any of the Class Members as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Class Members that any of their claims are without merit, that any

of the Defendants had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Class Members, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

c.  shall be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Settling Parties and the Released Persons and their respective counsel may refer to this Judgment and the Settlement Agreement to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

18.     Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) the motion for an Attorneys' Fees and Expenses Award by Class Counsel in the Action that will be paid from the Settlement Fund; (d) the proposed Service Awards; (e) the distribution of the Net Settlement Fund; and (f) the Class Members for all matters relating to the Action.

19.     Separate orders shall be entered regarding approval of the proposed Service Awards, Plaintiffs' proposed method of distributing the Net Settlement Fund, and the motion of Class Counsel for an Attorneys' Fees and Expenses Award.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Final Settlement Date.

20.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21.     There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this __16__ day of ___July_____, 2020.


_____
Hon. George B. Daniels
United States District Judge

# <u>Attachment 1</u>
# to Approval Order
# and Judgment

*Toohey et al. v. Portfolio Recovery Assocs., LLC et al.*

**Settlement Class Exclusion List**



**Count**

**2**

| ClaimID | FirstName | LastName | OptOut |
|---|---|---|---|
| POE-100002846 | KAREN | MONCHO | 6/12/2020 |
| POE-100014682 | JEREMY A | DIETRICH | 5/18/2020 |