UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                      :

MARY ELLEN TOOHEY, SHERRY
CAMPBELL, SCYNETTE COOK, JULIA
GREENWOOD, IRENE LOFTIN, ELAINE
SHERRY, and HOWARD ZUBIN,
individually and on behalf of all others
similarly situated,

                 Plaintiffs,

        -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC, MALEN & ASSOCIATES, P.C.,

                 Defendants.

----------------------------------------------------------x

No. 15 Civ. 8098 (GBD)



## [PROPOSED] ORDER GRANTING CLASS COUNSEL'S
## PROPOSED METHOD OF DISTRIBUTING THE NET SETTLEMENT FUND

WHEREAS, an action is pending before this Court entitled *Toohey, et al. v. Portfolio Recovery Associates, LLC, et al.*, No. 15 Civ. 8098 (the "Action");

WHEREAS, Plaintiffs Mary Ellen Toohey, Sherry Campbell, Scynette Cook, Julia Greenwood, Irene Loftin, Elaine Sherry, and Harry Zubin (collectively the "Plaintiffs" or "named Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and Portfolio Recovery Associates, LLC ("PRA") and Malen & Associates, P.C. ("Malen") (collectively the "Defendants") have entered into a Stipulation and Agreement of Settlement dated November 30, 2019 (the "Settlement Agreement"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

WHEREAS, by Order dated March 5, 2020 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on July 16, 2020 (the "Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants;

WHEREAS, the Court reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written

2

comments received regarding the Settlement, and the record in the Action, and, good cause appearing therefor, has entered its final Approval Order and Judgment as to the Settlement;

WHEREAS, the Preliminary Approval Order directed Plaintiffs to propose a method of distributing the Net Settlement Fund;

WHEREAS, the Court has entered Orders granting (1) the Attorneys' Fees and Expenses Award, and (2) the Service Awards, which determine the amount of the Net Settlement Fund; and

WHEREAS, the Court has reviewed and considered the memoranda and declarations submitted by Class Counsel that were filed in support of the motions for preliminary and final approval of the Settlement, and that proposed a method of distribution based upon (1) Class Counsel's analysis of current trends in class action settlement administration, and (2) Class Counsel's consultation with and advice from KCC LLC, as the Administrator;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    The proposed method of distribution is fair, reasonable, and adequate.

2.    Distribution of moneys here will follow a "checks sent" model—i.e., Class members need not fill out and submit cumbersome claim forms in order to receive their checks, and those who have taken no action in response to the notice of this Settlement are automatically included as Class members and receive the benefits of this Settlement.

3.    Checks for pro rata portions of the Net Settlement Fund will be printed in the names of all Class members who have not opted out.

4.    For the 839 Class members for whom valid address cannot be ascertained:

   a)  Checks will be printed in their names but not mailed.

   b)  The Administrator will continue checking for current valid addresses for them, and the website for this settlement will direct Class members who might have received notice after the date of the Fairness Hearing to contact the Administrator or Class Counsel.

        c)  In the event a current valid address is confirmed for any of these 839 Class members, the check will then be mailed.

5.     As it is anticipated that many Class members will not cash their checks, Class Counsel may authorize a secondary distribution at their discretion, provided that:

        a)  Such secondary distribution occurs no sooner than 120 days after the initial distribution occurs.

        b)  After 120 days have elapsed, the Administrator cancels all uncashed checks from the initial distribution, and the resulting moneys are then distributed pro rata to all Class members who did cash their checks during the initial distribution.

6.     Any secondary-distribution checks not cashed shall be canceled no sooner than 120 days following secondary distribution, and the moneys therein distributed to the cy pres recipient.

7.     In the alternative, if the rate of checks cashed upon the initial distribution is higher than presently anticipated, such that the cost of a secondary distribution exceeds the amount of moneys not cashed, those moneys shall be distributed to the cy pres recipient.

SO ORDERED this _16_ day of _July_, 2020.

_George B Daniels_

Hon. George B. Daniels
United States District Judge

4